# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| KAREN BOUNDS, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| BAYLOR REGIONAL MEDICAL CENTER AT PLANO D/B/A BAYLOR SCOTT & WHITE MEDICAL CENTER BRAIN AND SPINE CENTER – PLANO, | § | Civil Action No. 4:26-cv-1042<br>Judge Mazzant |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Baylor Regional Medical Center at Plano d/b/a Baylor Scott & White Medical Center Brain and Spine Center – Plano's Motion to Stay Proceedings Pending Appeal (the "Motion") (Dkt. #4). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This is an age discrimination lawsuit. Originally, the Court captioned this action as *Bounds v. Baylor Regional Medical Center at Plano*, Cause No. 4:24-CV-995-ALM (the "Original Action"). The facts are more thoroughly set out in the Court's Memorandum Opinion and Order signed August 10, 2026 (Original Action Dkt. #83; *see also* Original Action Dkt. #30).

This case went to trial on March 9, 2026 (Original Action Dkt. #49). Plaintiff alleged four employment-discrimination causes of action at trial (*See* Original Action Dkt. #58). The jury returned a verdict in favor of Plaintiff for one of her four causes of action, but could not come to a decision on the remaining three causes of action (Original Action Dkt. #58). The Court rendered

judgment in Plaintiff's favor on the single claim that the jury decided, and declared a mistrial on the three undecided claims (Original Action Dkt. #62 at pp. 1–2).

After the Court entered the Judgment, the parties briefed the Court on how they would prefer to proceed with the three undecided claims (Original Action Dkt. #73; Original Action Dkt. #76). The Court ultimately declared a Final Judgment as to the sole cause of action decided by the jury, and severed the three remaining claims from the Original Action (Original Action Dkt. #83 at p. 10). Those three remaining claims form this present action.

After the Court severed the claims, Defendant appealed the Court's Final Judgment (Original Action Dkt. #86). Defendant then filed the present Motion, asking the Court to stay all proceedings pending the outcome of Defendant's appeal (Dkt. #4). Plaintiff filed a Response, and Defendant filed a Reply (Dkt. #5; Dkt. #8).

## LEGAL STANDARD

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00807, 2022 WL 1037114, at *1 (W.D. Tex. Apr. 6, 2022) (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000) ("A trial court has broad discretion to stay an action against a party to promote judicial economy."). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Adaptix, Inc. v. Pantech Wireless, Inc.*, No. 6:13-CV-778, 2016 WL 7364674, at *2 (E.D. Tex. Jan. 12, 2016) (citation modified) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

In deciding whether to stay a proceeding, the Court "must weigh competing interests and maintain an even balance." *Id.* at *3 (citation modified) (quoting *Landis*, 299 U.S. at 254–55). When deciding whether to grant a stay, courts in the Fifth Circuit often consider three factors: (1) the potential prejudice to the non-moving party if the stay is granted; (2) the hardship to the moving party if the stay is denied; and (3) the interests of judicial economy and efficiency. *E.g.*, *Adaptix, Inc.*, 2016 WL 7364674, at *1–2 (addressing these three factors to decide whether the court should grant the plaintiff's motion to stay the proceedings pending resolution of appeals in a related action); *Evolutionary Intel., LLC v. Sprint Nextel, Inc.*, No. 6:12-CV-00791, 2013 WL 12162396, at *1–2 (E.D. Tex. Sept. 18, 2013); *Nguyen v. BP Expl. & Prod., Inc.*, No. CIV.A H-10-2484, 2010 WL 3169316, at *1–2 (S.D. Tex. Aug. 9, 2010).

**ANALYSIS**

The parties' ongoing appeal compels a stay of proceedings in this action. Courts within the Fifth Circuit generally consider three factors to determine whether to grant a stay: (1) the potential prejudice to the non-moving party if the stay is granted; (2) the hardship to the moving party if the stay is denied; and (3) the interests of judicial economy and efficiency. *E.g.*, *Adaptix*, 2016 WL 7364674, at *1–2; *Evolutionary Intel., LLC*, 2013 WL 12162396, at *1–2. The parties agree that these factors are appropriate in this instance (Dkt. #4 at p. 4; Dkt. #5 at pp. 1–2).

Before addressing these factors individually, the Court notes that several courts within the Fifth Circuit have granted stays when parallel litigation could substantially affect the pending action. *E.g.*, *Adaptix*, 2016 WL 7364674, at *2 ("Staying the case pending appeal . . . will promote judicial efficiency and conserve the parties' resources . . . ."); *Cajun Offshore Charters, LLC v. BP Prods. N.A., Inc.*, No. CIV.A.10-1341, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010) (staying

case because of the potential for conflicting orders between the causes); *Owens v. Experian Info. Sols. Inc.*, No. 4:23-CV-79-SDJ-KPJ, 2023 WL 3818357, at *5–6 (E.D. Tex. June 5, 2023) (staying case pending resolution of appeal because of duplicative litigation); *Morales v. OK Trans, Inc.*, No. 2:19-CV-94, 2024 WL 3223676, at *3–4 (S.D. Tex. June 18, 2024) (staying case pending resolution of appeal). With this in mind, the Court addresses each factor in turn.

**A. Prejudice to the Non-Moving Party**

The stay will not unduly prejudice Plaintiff because Plaintiff has already received a final judgment in her favor, awarding her the entirety of damages that she seeks in this action (*See* Original Action Dkt. #62 at pp. 1–2; Original Action Dkt. # 58 at p. 5). Defendant correctly points out that Plaintiff's present action seeks the same damages that the Court already adjudged to Plaintiff in the first trial (Dkt. #4 at p. 5). By already receiving a judgment that awards Plaintiff damages in full, she does not face substantial prejudice when the Court orders a stay upon a suit which duplicates those damages. *See Bank One, Tex., N.A. v. Taylor*, 970 F.2d 16, 34 (5th Cir. 1992) (citation modified) ("[A] party cannot recover the same damages twice, even though the recovery is based on two different theories . . . .").

The fact that Plaintiff's damage award is pending appeal at the Fifth Circuit does not change the prejudice calculus in this case. If the Fifth Circuit affirms the damage award, then Plaintiff will receive the entirety of her damages and suffer no prejudice. If the Fifth Circuit reverses the damage award, then the reversal would likely require Plaintiff to retry *all* of her claims, at which point concurrent litigation in this action would amount to a significant waste of judicial

resources.[1] *See Brooks v. Great Lakes Dredge-Dock Co.*, 754 F.2d 539, 540 (5th Cir. 1985) (citation modified) ("Courts must order a complete retrial of issues unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice."); *Owens*, 2023 WL 3818357, at *5–6 (staying proceedings to ensure that the ongoing action does not waste judicial resources).

Additionally, the specific form of prejudice that Plaintiff alleges she will face carries little weight. Plaintiff argues that she will suffer prejudice because she will continue to accrue damages throughout this period if the Court grants the stay. The jury already determined the full extent of Plaintiff's damages award, and therefore other damages are outside the scope of the Court's consideration (Original Action Dkt. #58 at p. 5; Original Action Dkt. #62 at p. 1). *See Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 369 (5th Cir. 2002) (citations omitted) (explaining that the Fifth Circuit is highly deferential to a jury's award of damages).

**B. Hardship and Inequity to the Moving Party if a Stay is Not Granted**

Defendant argues that it will face prejudice absent a stay because Defendant would have to bear the cost of litigation in duplicative proceedings. The Court begins its analysis by noting that "undue prejudice is not established by being required to incur litigation costs." *Moller v. Martian Sales, Inc.*, No. CV 24-228, 2025 WL 890699, at *4 (E.D. La. Mar. 21, 2025) (footnote omitted). The Court does not consider Defendant's costs in litigating this suit to amount to inequity. However, the Court will consider Defendant's hardship in litigating duplicative proceedings with near-identical claims. For example, the multiple proceedings risk subjecting the parties to

[1] Defendant also raised a number of arguments in its appeal that, Defendant alleges, would entitle Defendant to judgment as a matter of law on all of Plaintiff's claims (Dkt. #4 at p. 6 n.1). Whether the Fifth Circuit affirms the Judgment, orders a new trial, or renders judgment for Defendant, the resolution of these issues on appeal could impact this action. *See Bank One*, 970 F.2d at 34.

conflicting orders or judgments within the respective tribunals. *See PNC Bank, Nat'l Ass'n v. Hopscotch Props., LLC*, No. SA-25-CV-00912-JKP, 2026 WL 1763641, at *2 (W.D. Tex. June 16, 2026) (granting a stay because of "the potential for conflicting judgments or result"); *Cajun Offshore*, 2010 WL 2160292, at *2 (granting stay to avoid conflicting orders).

Moreover, the Fifth Circuit's decision could substantially impact the current action and require the Court to revisit several evidentiary and summary judgment matters, which further persuades the Court to grant a stay. Absent a stay, the parties would bring this case to trial again, only for the final outcome of that trial to potentially be rendered obsolete by the Fifth Circuit's decision. Several other courts have held that similar duplicative proceedings amounted to a relevant hardship that weighed in favor of granting a stay of proceedings. *E.g.*, *Adaptix*, 2016 WL 7364674, at *2; *Cajun Offshore*, 2010 WL 2160292, at *2. In line with those decisions, the Court finds that the parallel actions will present a hardship to the parties absent a stay, and therefore this factor weighs in favor of granting a stay. *See id.*

### C. Judicial Economy and Efficiency

The consideration of judicial economy and efficiency weighs strongly in favor of staying proceedings until the appeal at the Fifth Circuit is resolved. By staying this proceeding until the Fifth Circuit's decision, the Court avoids duplicative proceedings and further ensures that the Court does not waste judicial resources on a trial that may be substantially impacted by the pending appeal. *See ZeniMax Media Inc. v. Samsung Elecs. Co.*, No. 3:17-CV-1288-D, 2017 WL 4805524, at *4 (N.D. Tex. Oct. 25, 2017) ("Although the parties, claims, and precise issues in this case differ in material respects from those in the [first action], the court concludes that judicial resources will be conserved, and duplication efforts avoided, if the Court awaits a final decision . . . ."). As such, judicial economy strongly favors a stay.

* * *

In sum, the Court finds that all three factors weigh in favor of granting Defendant's request for a stay of all proceedings. The Court acknowledges the parties' interest in receiving timely relief, while also noting the exceptional burden on the Court and litigants if both matters were to proceed at the same time. *See Landis*, 299 U.S. at 254–55. Accordingly, Defendant's Motion to Stay should be **GRANTED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant Baylor Regional Medical Center at Plano d/b/a Baylor Scott & White Medical Center Brain and Spine Center – Plano's Motion to Stay Proceedings Pending Appeal (Dkt. #4) is hereby **GRANTED**.

It is further **ORDERED** that all proceedings in this case are **STAYED** pending the Fifth Circuit Court of Appeal's decision in Defendant's appeal of Cause No. 4:24-CV-995-ALM.

It is further **ORDERED** that Defendant shall file a written notice with the Court within seven days of any decision in Defendant's appeal of Cause No. 4:24-CV-995-ALM.

**IT IS SO ORDERED.**

**SIGNED this 30th day of September, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE